556 S.E.2d 390

**In the Matter of George Eugene LAFAYE, IV, Respondent.**

No. 25387.

Supreme Court of South Carolina.

Submitted Oct. 30, 2001.

Decided Dec. 3, 2001.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

George Eugene Lafaye, IV, of Greenville, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent

admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR, which this Court finds appropriate. We accept the agreement and find that a one-year suspension from the practice of law is the appropriate sanction for respondent's misconduct. The facts as admitted in the agreement are as follows.

### Facts

In the first matter, respondent's law firm was retained to represent a party in a negligence action. The circuit court granted summary judgment against the client. Although respondent assured the client that he would pursue an appeal, respondent failed to file either a motion to reconsider or a Notice of Appeal. Respondent actively misled both a member of his law firm and the client by telling them that an appeal had been filed. Respondent also failed to file a timely response to inquiries from ODC regarding this matter.

In a second matter, respondent's law firm was retained to represent a landowner in an inverse condemnation action. The action was settled, and a portion of the proceeds was held in the firm's escrow account to satisfy liens on the property. Respondent advanced funds to the client in violation of the terms of the escrow agreement and without notifying or obtaining consent from the attorneys representing the lien holders.

In a third matter, respondent was retained to represent a client who had been injured in an automobile accident. After the jury returned a verdict in favor of the client, respondent failed to immediately satisfy a medical provider's lien on the judgment. When the medical provider complained, respondent satisfied the lien from his firm's trust account. At the time respondent uttered the check, there were no funds in the trust account belonging to the client or to the medical provider. Although respondent admits that the payment was made without the firm's authorization, he claims that the funds came from an earned, but unpaid, attorney's fee.

### Law

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representa-

tion); Rule 1.3 (failing to act with reasonable diligence and promptness while representing a client); Rule 1.4 (failing to keep a client reasonably informed about the status of a matter); Rule 1.15 (failing to properly safeguard funds belonging to a third party and failing to promptly notify the owner of funds upon receipt); Rule 8.1 (failing to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(c) (engaging in conduct involving moral turpitude); 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

Respondent also admits that he violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating rules regarding the professional conduct of lawyers); Rule 7(a)(3) (failing to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice, bringing the legal profession into disrepute, and demonstrating an unfitness to practice law); and Rule 7(a)(6) (wilfully violating the oath of office taken upon admission to practice law in this state).

### Conclusion

We find that respondent's misconduct warrants a definite suspension. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one year.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.